HALKERSTONE'S Executor, vs. HAWKINS.—*December,* 1829.

In an action upon a bond, with condition that the obligor, the defendant, should exhibit all the papers concerning and touching the estate of the late W, deceased, to B, mutually appointed by the obligor and obligee to settle said estate, issue was joined upon a replication, which assigned as a breach, the failure to exhibit such papers. HELD, that it was competent for the plaintiff to offer in evidence, an inventory of W's personal estate, returned by the defendant as his administrator to the Orphan's Court, it being a paper concerning the estate of W, necessary to its settlement, one which by the condition of the defendant's bond, should have been exhibited to B, and proper to enable the jury to ascertain the amount of damages to be awarded to the plaintiff.

APPEAL from *Charles County* Court. This was an action of debt, brought by the appellant as executrix of *Robert Halkerstone* against the appellee, on a bond to the said *Robert,* in the penalty of £200, dated on the 10th of June, 1812, with the following condition: "The condition of the above obligation is such, that if the above bound *Samuel Hawkins,* his heirs, executors, administrators or assigns, shall exhibit all the papers concerning and touching the estate of the late *William Halkerstone,* deceased, to *Humphrey Barnes, Esq.* who is mutually appointed by the above parties to settle said estate, and strike a balance, if any, and also pay or cause to be paid, such balance, if any, to the above *Robert Halkerstone,* his heirs or assigns, that then the above obligation to be void, else to be and remain in full force and virtue in law." Signed, "*Sammuel Hawkins, Seal.*" The defendant pleaded *non est factum,* and general performance. Issue joined to the first plea, and replication, denying the exhibition of the papers mentioned in the condition of the bond to the second plea. Rejoinder performance, and issue joined.

At the trial, the plaintiff offered in evidence to the jury, the inventory of the personal estate of *William Halkerstone,* deceased, returned and recorded in the Orphan's Court of *Charles County,* by *Samuel Hawkins,* the administrator, to the admissibility of which testimony the defendant objected, and the court sustained the same objection, and refused to let the said inventory be read to the jury; the plaintiff excepted. The

court then instructed the jury, that the plaintiff having failed to give testimony to prove the amount of the damages, the jury would give a verdict for nominal damages; the plaintiff excepted, and the verdict and judgment being but for nominal damages, the plaintiff appealed to the Court of Appeals.

The cause was argued before BUCHANAN, Ch. J., EARLE and DORSEY, J.

*Stonestreet* for the appellant.

*C. Dorsey* for the appellee, cited *Gaines vs. Griffith*, 1 *Saund*. 58. (*note*.)

BUCHANAN, Ch. J. delivered the opinion of the court.

The condition of the bond on which this suit was instituted is, that *Hawkins*, the defendant, his executors, &c. " shall exhibit all the papers concerning and touching the estate of the late *William Halkerstone*, deceased, to *Humphrey Barnes, Esq.* who is mutually appointed by the above parties, to settle said estate, and strike a balance, if any, and shall also pay or cause to be payed such balance, if any, to the above *Robert Halkerstone*, his heirs or assigns," &c.

The plea is a plea of general performance. The replication assigns as a breach of the condition of the bond, that *Hawkins*, the defendant, did not exhibit all the papers concerning and touching the estate of *William Halkerstone*, deceased, to *Humphrey Barnes*, at any time previous to the impetration of the writ, although often requested, &c. pursuing the terms of the condition, to which there is a rejoinder by the defendant, that he did exhibit all the papers concerning and touching the estate of *William Halkerstone*, deceased, to *Humphrey Barnes*, previous to the impetration of the writ, &c. and issue.

In this state of the pleadings, the parties went to trial, when the plaintiff offered in evidence to the jury, the inventory of the personal estate of *William Halkerstone*, deceased, which had been returned by the defendant, the administrator, and was recorded in the Orphan's Court of *Charles* County, amounting to five hundred and thirty-four pounds nineteen shillings and six-

pence, which was objected to by the counsel for the defendant and rejected by the court as inadmissible.

It does not appear why this paper was not permitted to go to the jury, it was made out and returned by the defendant himself to the proper office, it is a paper concerning and touching the estate of *William Halkerstone*, deceased, necessary to the settlement of that estate, and one which by the condition of the defendant's bond, should have been exhibited to *Humphrey Barnes*.

The issue joined by the parties in the pleadings presented to the jury the question, whether the defendant had exhibited to *Humphrey Barnes* all the papers concerning and touching the estate of *William Halkerstone*, deceased; the affirmative of which issue being held by the defendant, the burden of proof was imposed upon him; and in the absence of proof to sustain the issue on his part, it became necessary for the plaintiff, who sesuit was brought for the recovery of damages sustained by reason of the breach assigned in the replication of the condition of the bond, to offer such evidence to the jury as would enable them to ascertain the amount of damages that he was entitled to recover.

And as the amount of the personal estate of *William Halkerstone*, deceased, which had not been settled up, (to procure the settlement of which was the object of the bond,) was necessary to be shown in order to arrive at the damages proper to be recovered, the inventory regularly returned by the defendant himself, the administrator, would seem to have been not only an important, but an essential link in the chain of evidence necessary to the ascertainment of that amount.

It did not lay in the mouth of the defendant who as administrator, had himself prepared and returned it under the requisite sanctions to the proper office, to object to the admissibility of it, and perceiving no reason why it should have been rejected. We think the court below erred in not suffering it to go to the jury, and that having thus thrown out important testimony offered by the plaintiff, for the purpose of showing the damages sustained, and which was pertinent to the issue joined in the

cause; that court also erred in instructing the jury, " that the plaintiff having failed to give testimony to prove the amount of damage, they could only give a verdict for nominal damages."

JUDGMENT REVERSED AND PROCEDENDO AWARDED.